IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CASHMAN EQUIPMENT CORPORATION | : | CIVIL ACTION |
| v. | : | |
| UNITED STATES FIRE INSURANCE COMPANY and HBC BARGE, LLC | : | NO. 06-cv-3259 |

**MEMORANDUM RE: CROSS-MOTIONS FOR PARTIAL SUMMARY JUDGMENT**

**Baylson, J.**                                                                                    **October 26, 2007**

This case is presently before the Court on Cross-Motions for Summary Judgment. HBC Barge, LLC and United States Fire Insurance Company ("HBC," "U.S. Fire," and collectively "Defendants") have filed a Motion for Partial Summary Judgment (Doc No. 36) pursuant to Federal Rule of Civil Procedure 56, conceding that they should be held liable for a breach of contract and asking that damages be fixed at $1.00. Cashman Equipment Corporation ("Plaintiff," "Cashman") filed a Cross-Motion for Partial Summary Judgment (Doc No. 37) on the issue of liquidated damages and prejudgment interest owed to Plaintiff by Defendants. For the following reasons, Defendant's Motion for Partial Summary Judgment is denied, and Plaintiff's Cross-Motion for Partial Summary Judgment is granted.

**I.     Background**

A.     Factual Background

On August 23, 2002, HBC and Cashman entered into a Vessel Construction Contract ("the Contract"), stating that HBC was to construct four barges (JMC-120, JMC 121, JMC-142

and JMC-143) for Cashman.  Under the Contract, U.S. Fire issued Performance Bond No. 6102371799; HBC was the principal on the bond, and U.S. Fire served as the surety.

In return for the construction of the four barges, all to be delivered by December 30, 2002 pursuant to the Contract, Cashman agreed to pay HBC in the amount of $1,128,604.  The Contract called for HBC to use 12-14 mils DFT per Manufacturer's Requirements[1] of coating on the barges, and to apply two coats to each barge.  None of the barges were delivered on time.  They were delivered on June 25, 2003, February 9, 2004, June 5, 2003 and May 22, 2003, respectively.  After field inspections were conducted, Plaintiff discovered the paint coat systems were failing and possessed alleged defects (including, but not limited to, cracked coating, rusting, and weld burns). Plaintiffs notified the Defendants in writing of the defects, but the defects were not remedied.  Defendants acknowledge that the barges were delivered late, and they also acknowledge that only one coat of 6-8 mils of internal coating was used on the barges.  HBC has since filed for Chapter 7 Bankruptcy in the United States Bankruptcy Court for the Western District of Pennsylvania at docket number 06-22153-BM.

B.     Procedural Background

Plaintiff filed its Complaint for Breach of Contract, Breach of Warranty, and Breach of Performance Bond on July 25, 2006.  Defendants filed a Motion for Partial Summary Judgment (Doc. No. 36).  Plaintiff filed a Cross-Motion for Partial Summary Judgment (Doc. No. 37). Defendants filed a Response (Doc. No. 43) to Plaintiff's Motion.  Plaintiff filed a Response (Doc No. 44) to Defendants' Motion.  Defendants' filed a Reply (Doc No. 49) to Plaintiff's

---

[1] A "mil" is a unit of measurement equal to one thousandth of an inch.  "DFT" is "Dry Film Thickness" which is the thickness of the paint after it has dried.

Response. Plaintiff filed a Reply (Doc No. 50) to Defendants' Response. Defendants filed an authorized Sur-Reply (Doc No. 53) to Plaintiff's Reply. Oral arguments were held on the Cross-Motions for Partial Summary Judgment on October 17, 2007.

## II.     Contentions' of the Parties

### A.     Defendants' Motion for Partial Summary Judgment

In their Motion for Partial Summary Judgment, Defendants argue they should be held liable for the breach of the Contract, and ask that damages be fixed at $1.00. Defendants contend that there is no evidence that Plaintiff has suffered or will suffer economic damages as a result of the internal coatings, and that the barges have actually increased in value from the purchase price. Relying on Jacob & Youngs v. Kent, 128 N.E. 889 (N.Y. 1921), Defendants contend that the economic waste doctrine applies where a proposed repair is feasible but unnecessary and expensive, and the cost of repairing the barges at this date would cost more than the barges are worth.

Plaintiff contends that there is evidence that the barges have sustained significant physical damage and the full extent of the harmful effects caused by HBC's failure to apply the internal coating can only be realized over time. Plaintiff contends the economic waste doctrine is inapplicable to the present case. Finally, Plaintiff argues that pursuant to Section 6 of the Contract, Defendants are required to replace or repair the defective coating system.

### B.     Plaintiff's Cross-Motion for Partial Summary Judgment

In its Cross-Motion for Partial Summary Judgment on the issue of liquidated damages and prejudgment interest owed to Plaintiff by Defendants, Plaintiff contends that the Contract sets forth a schedule for liquidated damages in the event the four barges were delivered after the

given deadline. Plaintiff contends that the Contract language is clear and unambiguous, as is the intent of the parties, and that the Court should give effect to the liquidated damages language. Plaintiff contends that U.S. Fire is liable to Plaintiff for liquidated damages and prejudgment interest to the exact same extent as HBC. Plaintiff asks the Court to apply Massachusetts law to all existing claims, as the Contract has a Massachusetts choice of law provision. With respect to choice of law and U.S. Fire, Plaintiff argues that a surety is similar to insurance, and that an insurance contract under Pennsylvania choice of law standards is governed by the law of the state where the contract was made, which is the law of Massachusetts.

Defendants contend there are disputed issues of material fact, Plaintiff's claim for liquidated damages has been discharged as to U.S. Fire, the performance bond does not permit liquidated damages to be assessed against U.S. Fire, and Plaintiff may not maintain a claim directly against HBC due to HBC's pending bankruptcy. Defendants argue the Contract between Cashman and HBC should be governed by Massachusetts law, but claims pertaining to the Performance Bond issued by U.S. Fire to HBC for the benefit of Cashman should be governed by Pennsylvania law. Defendants contend surety bonds are not insurance contracts, citing <u>Superior Precast v. Safeco</u>, 71 F.Supp.2d 438, 452 (E.D.Pa. 1999), and that Pennsylvania courts have routinely held that a surety's only obligations are set forth in the bond language.

### III.   Legal Standard

    A.   <u>Jurisdiction</u>

This Court has diversity jurisdiction over the present claims under 28 U.S.C. § 1332.

    B.   <u>Standard of Review</u>

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). A factual dispute is "material" if it might affect the outcome of the case under governing law. Id.

A party seeking summary judgment always bears the initial responsibility for informing the district court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Where the non-moving party bears the burden of proof on a particular issue at trial, the moving party's initial burden can be met simply by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case." Id. at 325. After the moving party has met its initial burden, "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). Summary judgment is appropriate if the non-moving party fails to rebut by making a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Under Rule 56, the Court must view the evidence presented on the motion in the light most favorable to the opposing party. Anderson, 477 U.S. at 255.

The standards by which a court decides a summary judgment motion do not change when the parties file cross-motions. <u>Southeastern Pa. Transit Auth. v. Pennsylvania Pub. Util. Comm'n</u>, 826 F. Supp. 1506, 1512 (E.D. Pa. 1993).

## IV.  Discussion

### A.  Choice of Law

A federal court exercising diversity jurisdiction must apply the choice of law rules of the forum state. <u>Klaxon Co. v. Stentor Electric Mfg. Co.</u>, 313 U.S. 487, 497 (1941); <u>American Air Filter Co. v. McNichol</u>, 527 F.2d 1297, 1299 n.4 (3d Cir. 1975). Accordingly, Pennsylvania choice of law rules apply in this case.

Pennsylvania courts generally honor the intent of the contracting parties and enforce choice of law provisions in contracts executed by them. <u>Smith v. Commonwealth Nat. Bank</u>, 384 Pa.Super. 65 (1989), <u>appeal denied</u>, 524 Pa. 610 (1990). In the present case, Plaintiff and Defendant HBC signed the Contract containing a choice of law provision dictating that the agreement would be governed by and construed in accordance with the laws of the State of Massachusetts. Thus, with respect to the claim under the Contract, this Court will apply Massachusetts law.

The choice of law provision in the Contract does not apply to the remaining claims between the parties, however. Analyzing the remaining claims under the factors set forth in <u>Hammersmith v. Tig Insurance Company</u>, 480 F.3d 220 (3d Cir. 2007), this Court concludes that Pennsylvania law applies to the remaining claims.

If two jurisdictions' laws are the same, then no conflict exists, and a choice of law analysis is unnecessary. <u>Id</u>. at 230. If a true conflict exists between states' law, however, the

Court must determine which state has the greater interest in the application of its law. This requires weighing contacts with each state on a qualitative scale according to their relation to policies and interests underlying the particular issues. Id. at 231. As noted above, the Contract between Cashman and HBC contained a Massachusetts choice of law provision. The Performance Bond between HBC and U.S. Fire contains no such provision. While the Performance Bond was made in conjunction with the Contract, it was issued to HBC, a Pennsylvania company. The work pertaining to the Contract was performed in Pennsylvania and any damages resulting from that allegedly deficient work by HBC occurred in Pennsylvania. While Cashman does maintain an office in Massachusetts, Cashman is only a third party beneficiary to the Bond. As such, the state of Pennsylvania has a greater interest in the application of its law.

  Plaintiff argues that a Performance Bond is "effectively an insurance contract," and thus under Pennsylvania choice of law standards, the law of the state where the Contract was made - Massachusetts - governs. The Court rejects this argument. See Superior Precast, Inc. v. Safeco Ins. Co. of America, 71 F.Supp.2d 438, 451 (E.D.Pa 1999) (noting that there are "'fundamental differences' between bilateral contracts of insurance and tripartite surety agreements.")

  B. Liability and Future Proceedings

  As noted above, Defendants concede in their own Motion for Partial Summary Judgment that HBC breached the Contract with Cashman. Plaintiff seeks two types of damages resulting from this breach: liquidated damages and non-liquidated damages. Plaintiff seeks liquidated damages pursuant to Section 3 of the Contract, which set a schedule for such damages in the event that the four barges were delivered after the delivery date of December 30, 2002. See infra.

Plaintiff seeks non-liquidated damages for present and future economic losses resulting from Defendants' failure to apply the proper internal coatings.  Plaintiff alleges these future economic losses include the cost to replace or repair the four barges, consequential damages in the form of lost business and profits while the barges are being repaired, and other damages related to the satisfaction of all express and implied warranties by HBC.  Plaintiff also seeks attorney fees and costs of litigation, plus interest, and court costs.  Defendants contend that there are material issues of fact in dispute, including but not limited to the effect the breach of contract had on the value of the barges.  Defendants argue that the economic waste doctrine, set forth in <u>Jacob & Youngs v. Kent</u>, <u>supra</u>, applies to the proposed repairs because repairs to the barges may be feasible, but would be unnecessary and expensive.

      Defendants' reliance on the economic waste doctrine is misplaced.  While Defendants cite cases from Massachusetts and New York in support of their theory of the economic waste doctrine, they would be hard-pressed to find any such cases from the state of Pennsylvania.  Neither the Court of Appeals for the Third Circuit nor the Pennsylvania Supreme Court has ever relied upon or applied the economic waste doctrine in any of its opinions.  As such, this Court will not rely on precedent from other jurisdictions when no such precedent exists in its own jurisdiction.

      As to the dispute about issues of material fact, they are not for this Court to decide on Motions for Summary Judgment.  These factual issues concerning non-liquidated damages will require a trial.  In pursuing these damages, however, Plaintiff can only proceed for damages against U.S. Fire.  On September 5, 2006, U.S. Bankruptcy Judge Bernard Markovitz entered an Order granting Cashman relief from the automatic stay, but only to pursue "recovery against the

Performance Bond." The Court did not modify the automatic stay as it related to Cashman's claims against HBC. As such, Plaintiff cannot proceed against HBC for damages, but can only proceed for damages against U.S. Fire at this time.

    C.    <u>Plaintiff's Motion for Partial Summary Judgment</u>

        1.    *Liquidated Damages*

Plaintiff seeks partial summary judgment on the issue of liquidated damages and prejudgment interest. Liquidated damages are provided for in the Contract for delay in delivery. <u>See</u> Vessel Construction Contract, Section 3. Neither Plaintiff nor Defendants dispute the fact that in the Contract, Cashman and HBC agreed to a choice of law provision that would govern the agreement. Pursuant to this choice of law provision, liquidated damages shall be calculated when necessary under Massachusetts law. <u>Id.</u>, Section 14.

Section 3 of the Contract set forth a schedule for liquidated damages in the event that the barges were delivered after December 30, 2002. The schedule provided that Plaintiff was entitled to: $100.00 per barge per day for each day of delay during the first 30 days; $200.00 per barge per day for each day of delay for the next 30 days; and $300.00 per barge per day for the 61st day and for each day thereafter until the barge was delivered. JMC-143 was delivered on May 22, 2003, which was 143 days late. JMC-142 was delivered on June 5, 2003, which was 157 days late. JMC-120 was delivered on June 25, 2003, which was 177 days late. JMC-121 was delivered on February 9, 2004, which was 406 days late. The amount of liquidated damages due pursuant to the Contract was $33,900.00 for JMC-143, $33,100.00 for JMC-142, $44,100.00 for JMC-120, and $112,800.00 for JMC-121.

For JMC-143, Plaintiff agreed to take 50% of the liquidated damages due and owed as a credit to the remaining purchase price of the JMC-143.  Plaintiff agreed to waive the remaining 50% of liquidated damages owed.  Thus, no liquidated damages are owed with respect to JMC-143.  For JMC-142, Plaintiff agreed to apply 50% of the liquidated damages due and owed as a credit to the remaining purchase price of the JMC-142, but 50% of the liquidated damages remain due and owed.  For JMC-120, Plaintiff agreed to apply 50% of the liquidated damages due and owed as a credit to the remaining purchase price of the JMC-120, but 50% of the liquidated damages remain due and owed.  For JMC-121, the final payment owed by Cashman was to have been $53,900.00.  As of the date of delivery, however, the total liquidated damages owed ($112,800.00) exceeded the final payment owed.  Thus, HBC agreed not to accept any final payment, and thus the $53,900.00 served as a credit toward the liquidated damages owed for JMC-121.

Thus, the following liquidated damage amounts remain due and owed to Plaintiff under the Contract:

| | | | |
|---|---|---|---|
| JMC-142: | $38,100.00 less 50% | = | $19,050.00 |
| JMC-120: | $44,100.00 less 50% | = | $22,050.00 |
| JMC-121: | $112,800.00, less $53,900.00 | = | $58,900.00 |
| **TOTAL:** | | = | **$100,000.00** |

    2.    *Prejudgment Interest*

Plaintiff is also owed prejudgment interest on the above liquidated damages.  Calculating prejudgment interest is a matter of substantive law, and thus the prejudgment interest rate is determined by Massachusetts law.  See Morris v. Watsco, Inc., 385 Mass. 672 (Mass. 1982)

(discussing the fact that prejudgment interest is substantive law and that when parties to a contract include a choice of law provision to protect their rights, the Court had "no hesitancy" in concluding that "those rights include the determination of the damages, including interest, to be paid as a consequence of a breach of contract."). Pennsylvania state courts have similarly treated the award of prejudgment interest as substantive law. See Crossing Const. Inc., Co. v. Delaware River Port Authority, 2005 WL 3604113 (Pa.Com.Pl. 2005) (applying Pennsylvania procedural laws but awarding plaintiff prejudgment interest pursuant to New York law, as the Contract had a New York choice of law provision).

Section 6C of M.G.L.A. 231 provides in relevant part: "interest shall be added by the clerk of the court to the amount of damages, at the contract rate, if established, or at the rate of twelve per cent per annum from the date of the breach or demand." Prejudgment interest through October 26, 2007 is as follows:

JMC-142: 12% per year on $19,050.00 ($2,286.00 per year) since June 5, 2003

June 5, 2003 through June 4, 2007:   $2,286.00 X 4 years   =   $9,144.00

June 5, 2007 through October 26, 2007: $6.26$^2$ X 143 days =   $895.18

**TOTAL:**                                                   =   **$10,039.18**

JMC-120: 12% per year on $22,050.00 ($2,646.00 per year) since June 25, 2003

June 25, 2003 through June 24, 2007: $2,646.00 X 4 years   =   $10,584.00

June 25, 2007 through October 26, 2007: $7.25$^3$ X 123 days =   $891.75

---

$^2$ The amount of $2,286.00 divided by 365 days yields prejudgment interest of $6.26 per day.

$^3$ The amount of $2,646.00 divided by 365 days yields prejudgment interest of $7.25 per day.

| | | |
|---|---|---|
| **TOTAL:** | = | **$11,475.75** |

<u>JMC-121</u>: 12% per year on $58,900.00 ($7,068.00 per year) since February 9, 2004

February 9, 2004 through February 8, 2007:  $7068.00 X 3 years = $21,204.00

February 9, 2007 through October 26, 2007:  $19.36[4] X 259 days =   $5,014.24

**TOTAL:**                                                                                                      **$26,218.24**

**TOTAL FOR ALL THREE BARGES:**

**$10,039.18 + $11,475.75 + $26,218.24              =         $47,733.17**

Plaintiff Cashman is owed $100,000 in liquidated damages and $47,733.17 in prejudgment interest through October 26, 2007.

As to any remaining issues, they are issues of material fact and not for this Court to decide on Motions for Summary Judgment.  The remaining factual issues will require a trial.

In line with this holding, an appropriate Order follows.

---

[4]  The amount of $7,068.00 divided by 365 days yields prejudgment interest of $19.36 per day.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASHMAN EQUIPMENT CORPORATION : CIVIL ACTION

v. :

UNITED STATES FIRE INSURANCE COMPANY : NO. 06-cv-3259
and HBC BARGE, LLC

**ORDER**

AND NOW, this 26th day of October, 2007, for the reasons stated in the foregoing Memorandum, it is hereby ORDERED that:

1) Plaintiff Cashman may only proceed with its claims against Defendant U.S. Fire;

2) As to Plaintiff Cashman's Motion for Partial Summary Judgment on Liquidated Damages and Prejudgment Interest (Doc No. 37) Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the Motion is GRANTED. Plaintiff Cashman is owed $100,000 in liquidated damages and $47,733.17 in prejudgment interest through October 26, 2007, for a total of $147,733.17;

3) As to Defendants HBC Barge, LLC and U.S. Fire Insurance Company's Motion for Partial Summary Judgment (Doc No. 36) Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the Motion is DENIED.

   (a) Defendants have conceded liability.

   (b) The Court determines that the factual issues as to the amount of non-liquidated damages will require a trial.

4) The case is scheduled in the Court's trial pool for 11/13/07. The Court will have a final pretrial conference by telephone on 11/09/07 at 4:30pm.

          BY THE COURT:

          /s/ Michael M. Baylson
          _____
          Michael M. Baylson, U.S.D.J.

O:\CIVIL\06-3259 Cashman v. US Fire\Cashman v. U.S. Fire - Memo 10-26-07.wpd