**LUCAS AND CAVALIER, LLC**
By: Henry C. Lucas, III, Esquire
    Matthew S. Marrone, Esquire
Identification Nos.: 12991 and 82900
1601 Market Street, Suite 2230
Philadelphia, PA  19103
(215) 751-9192
hlucas@lucascavalier.com
mmarrone@lucascavalier.com

*Attorneys for Plaintiff,*
*Cashman Equipment Corporation*

| | |
|---|---|
| **CASHMAN EQUIPMENT CORPORATION,**<br><br>                      **Plaintiff,**<br><br>vs.<br><br>**UNITED STATES FIRE INSURANCE COMPANY and HBC BARGE, LLC,**<br><br>                      **Defendants.** | **IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**<br>**CIVIL ACTION**<br><br>**CASE NO. 06 cv 3259 (DRS)** |

**PLAINTIFF CASHMAN EQUIPMENT CORPORATION'S BRIEF IN SUPPORT OF ITS OPPOSITION TO DEFENDANT UNITED STATES FIRE INSURANCE COMPANY'S MOTION (1) TO STAY EXECUTION PENDING APPEAL AND (2) TO APPROVE SUPERSEDEAS BOND**

    Plaintiff, Cashman Equipment Corporation ("CEC") by its attorneys LUCAS AND CAVALIER, LLC files the following brief/memorandum of law in support of its opposition to defendant U.S. Fire Insurance Company's ("U.S. Fire") motion (1) to stay execution pending appeal and (2) for an order approving supersedeas bond in the amount of $1,500,000.00 issued by North River Insurance Company as surety on behalf of U.S. Fire:

**I.    COUNTER-STATEMENT OF FACTS/CASE**

    On October 26, 2007 the Honorable Michael M. Baylson, U.S.D.J. entered judgment in favor of CEC and against U.S. Fire for liquidated damages under Section 3 of the Vessel Construction Contract, in the amount of $100,000.00 together with accumulated prejudgment

interest at rate of 12% per annum under Massachusetts law plus interest continuing to accrue after the October 26, 2007 judgment at the same rate of 12% or $32.87 per day.  As of September 17, 2008 pursuant to the findings of fact and conclusions of law handed down by U.S.M.J. David R. Strawbridge - total prejudgment interest on CEC's liquidated damage claim judgment amounted to $58,514,53.

On September 17, 2008 the Honorable David R. Strawbridge, U.S. M.J. entered judgment in favor of CEC against U.S. Fire in the amount of $1,028,064.00 together with accumulated prejudgment interest in the amount of 6% per annum under Pennsylvania law.  As of September 17, 2008 the total prejudgment interest on the CEC's unliquidated damage claim judgment amounted to $175,003.71.  Since September 17, 2008 the prejudgment interest on CEC's unliquidated damage claim has been accruing or on-going at the rate of $169.086 per day.  As of October 17, 2008 the aggregate of all judgments entered against U.S. Fire including prejudgment interest and costs amounted to $1,382,742.22.

Prior to U.S. Fire filing its notice of appeal on October 16, 2008 from both the October 26, 2007 and September 17, 2008 judgments - CEC initially asked for supersedeas bond in the amount of $1,500,000.00 to secure its judgments and accumulated interest thereon and also accruing interest and appeal costs.  Nonetheless, before U.S. Fire filed its motion to stay execution on judgments held by CEC and to have its supersedeas bond approved - CEC alerted U.S. Fire counsel it was reconsidering the supersedeas bond amount of $1,500,000.00 as insufficient - taking into consideration prejudgment interest was accruing in an amount over $200.00 daily and therefore did not want U.S. Fire to be mislead into concluding CEC agreed to supersedeas bond in amount of $1,500,000.00.  CEC's communication exchange with U.S. Fire rested with U.S. Fire's awareness

CEC was seeking a supersedeas bond in an amount greater than $1,500,000.00 (Exhibit "1" - CEC response to U.S. Fire's motion).

As disclosed in paragraph 9 of U.S. Fire's motion to stay, etc. - North River and U.S. Fire each have a common parent - Fairfax Holdings, Inc. ("Fairfax") which deprives CEC from having the benefit of a totally independent surety. Neither North River nor Fairfax are listed as certified (surety) companies with the U.S. Department of the Treasury. While U.S. Fire is listed as a certified company with the Department of the Treasury - here it is the principal judgment debtor and is hardly qualified to act as its own surety.

According to the "**United States Court of Appeals Judicial Case Load Profile for the Third Circuit**" published by the Administrative Office of the United States Courts - Washington, D.C. - the median time interval from filing notice of appeal to disposition - for the 12 month period ending September 30, 2007 - is 13.6 months (CEC response Exhibit "3").

If U.S. Fire's appeal is dismissed or the District Court's September 17, 2008 judgment is affirmed - without consideration of the cross appeal filed by CEC - the aggregate judgment, including accrued pre and post judgment interest, taxable costs and interest thereon plus costs of appeal would be about $1,485,000.00 - if disposition of all appeals occurs in and about 14 months - and would amount to about $1,520,000.00 if disposition is not earlier than 18 months.

Moreover, if the judgment of September 17, 2008 is affirmed and CEC is successful in its cross-appeal - if disposition of all appeals is no greater than 14 months (within the median time interval range) the total of all judgments against U.S. Fire including pre and post judgment interest, taxable cost and appeal costs would be in range of $1,570,000.00. In addition, if disposition of all appeals took as much as 18 months under circumstances where CEC is successful in its cross-appeal

- the total judgments against U.S. Fire including prejudgment interests and costs would be in the range of $1,615,000.00.

Given the above potential, after disposition of all appeals, i.e. the judgments including prejudgment interests and costs then held by CEC could be in the range of $1,500,000.00 on the downside without regard to CEC's cross-appeal and indeed could total well over $1,600,000.00 if CEC were successful on it cross-appeal - the supersedeas bond issued by an independent surety to protect CEC's interest in preserving such judgments should be in the amount of no less than $1,700,000.00.

**II.     ARGUMENT**

    **A.     Defendant, U.S. Fire, Who is Required or Permitted under Fed.R.Civ.P. 62(d) to Post a Supersedeas Bond in Order to Obtain the Stay of Execution by Plaintiff CEC on its Judgment Entered September 17, 2008 - has Failed to Comply with the United States Laws Related to Sureties and Surety Bonds by Providing Supersedeas Bond Issued by a Corporation (North River) which has not Filed the Necessary Corporate or Financial Records with the Secretary of the Treasury - and Therefore has not Satisfied the Requirements set out under Title 31 United States Code §§9304, 9305 and 9306 which Should Result in the Courts Rejection or Disapproval of the Supersedeas Bond.**

        **1.     Fed.R.Civ.P. Rule 62(d)**

Fed.R.Civ.P. 62(d) permits an appellant - here U.S. Fire - to obtain a stay of execution by filing the supersedeas bond approved by the court.

    Rule 62(d) provides as follows:

> **(d) Stay with Bond on Appeal.** If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

In accordance with the cited language above of Rule 62(d) the primary conditions to be met by U.S. Fire as appellant to effect stay is the filing/posting of the supersedeas bond which has to be approved by the court.

> **2.    A Supersedeas Bond is essentially a Surety Bond and therefore must comply with U.S. laws regarding Sureties and Surety Bonds.**

A supersedeas bond is, by its very nature a surety bond.  This is demonstrated unequivocally by the very language in the supersedeas bond proffered by U.S. Fire for approval by the court i.e. Exhibit "A" attached to U.S. Fire's motion which contains the following language in its initial paragraph:

> We, the appellant, as principal, and North River Insurance Company, as surety, are held and firmly bound to the appellee in the sum of One Million Five Hundred Thousand Dollars and 00/100 ($1,500,000.00) to be paid to appellee (his heirs, executors, administrators, or assign or its successors or assign), for which payment well and truly to be made we bind ourselves, our heirs, executors, administrators or assigns, jointly and severally, by this instrument.

The Penultimate paragraph of Exhibit "A" contains the following text:

> Now, therefore, the condition of this obligation is that if the appellant shall prosecute his appeal to effect and shall satisfy the judgments in full, together with costs, interest, and damages for delay if the appeal is finally dismissed or the judgments are affirmed or shall satisfy in full such judgments as modified together with such costs, interests and damages as the Court of Appeals may adjudge and award, this obligation shall be void, otherwise it shall remain in full service and effect.
>
> ............

United States Fire Insurance Company, Appellants

By: _____
    David J. Ghezzi, Senior Vice President

North River Insurance Company, Surety

By:_____
   Gary Cooper, Attorney in Fact

Any doubt a supersedeas bond is the equivalent of a surety bond should be removed by (1) adverting to the text of **Supersedeas Bond - General Form** contained in <u>Moore's Manual Federal Practice Forms Vol. 7</u>.  Form No. 27:70 at pp.27-54 through 27-57 (attached hereto as CEC response Exhibit "4") and (2) sighting and reviewing the language in **Motion for Approval of Supersedeas Bond** contained in <u>Moore's Manual Federal Practice Forms</u> Vol 7, Form No. 27: 40 at pp. 27-37, 27-38 (attached hereto as CEC's response Exhibit "5").

An integral part of the **Supersedeas Bond - General Form** is the **Justification of Surety** - paragraph 2 of which: identifies the surety; states the surety as an "admitted surety insurer" under a state or federal statute and is therefore qualified to act as a surety on "this bond" under Section 9304(a) of Title 31 of the United States Code.   Paragraph 3 of **Justification of Surety:** identifies the surety and states the surety has made all filings with the Secretary of the Treasury under Section 9305 of Title 31 of the United States Code and the Secretary has authorized surety to provide surety bonds under Section 9304 of Title 31 of the United States Code.

Paragraph 3b of **Motion for Approval of Supersedeas Bond** i.e. Form No. 27:40 at p. 27-38 reads as follows:

> 3.  The Proposed bond attached to this Motion as Exhibit "___" should be approved because the bond:

    a. ........

    b. Is signed by _____ [a surety *or* two sureties *or as appropriate*] who are duly qualified to serve as sureties under the provision of Section 9301 et seq. of Title 31 of the United States Code. The sureties have been justified under oath, as shown by the proposed bond attached to this Motion as Exhibit "___". .......

Summarizing, Form No. 27:70 **Supersedeas Bond - General Form** and Form No. 27:40 **Motion for Approval of Supersedeas Bond** of <u>Moore's Manual of Federal Practice Forms Volume 7</u>: (a) unequivocally recognized a supersedeas bond is in fact a surety bond and (b) are, by their terms, consistent with the mandate of Title 31 United States Code Sections 9304 and 9305 setting out the requirements or conditions which must be met for a corporation to satisfy the law [Fed.Civ.Rule 62(d)] for purposes of issuing a surety bond (here supersedeas) which will be accepted and approved by the court.

  **3.** <u>**U.S. Fire has Failed to Comply with "Sureties and Surety Bonds" Laws of the United States by Posting a Bond Issued by a Corporation - North River - which has not Complied with Title 31 Sections 9304(a) and 9305 of the United States Code and Therefore Such Bond Should be Disapproved or Rejected within the Inherent Power and Sound Discretion of the Court.**</u>

Section 9304, Title 31 United States Code provides where a U.S. Law requires or permits a person to give a surety bond through a surety - the law is satisfied by the person if the surety bond is provided by a corporation which *inter alia* complies with Section 9305 of this Title.

Section 9305, Title 31 of the United States Code provides in order to qualify as a surety under Section 9304, a surety corporation must file with the U.S. Secretary of the Treasury

a copy of its articles of incorporation and the statement of its assets and liabilities sworn to by the President and Secretary of the surety corporation.

If a corporate surety does not comply with Section 9305, it cannot become a surety under Section 9304 and therefore would not be authorized by the Secretary to provide a surety bond under Section 9304.

It should follow any supersedeas bond proffered or issued by a corporate surety which has not filed the necessary papers with the U.S. Secretary of the Treasury would not satisfy the law [Title 28 United States Code - Fed.R.Civ.P. 62(d)] under which the supersedeas bond is required to be posted.

Nowhere in U.S. Fire's motion for approval of North River's supersedeas bond is there any allegation or affirmation North River has initially filed a copy with the Secretary of the Treasury of its articles of incorporation and a statement of its assets and liabilities signed and sworn to by its President and Secretary. Consistent with the absence of such filing by North River, there is no allegation in U.S. Fire's motion North River has received any authorization from the Secretary of the Treasury to provide surety bonds under Section 9304 Title 31 of the United States Code in court proceedings as required or permitted by laws of the United States [Rule 62(d) of the Federal Rules of Civil Procedure]. It follows naturally North River has not made or maintained regular quarterly filings of statements of its assets and liabilities with the Secretary under Section 9305(c) because it has not been authorized to provide surety bonds under Section 9305(b) of Title 31 of the United States Code.

Based on the absence of compliance by North River with Section 9305(a) of Title 31 of the United States Code together with the absence of any authorization given North River by

the Secretary of the Treasury to provide surety bonds in court proceedings - U.S. Fire has not satisfied its obligations to post a supersedeas bond by an approved surety since North River is not an approved surety under U.S. laws on Sureties and Surety Bonds.  Therefore the North River supersedeas bond posted by U.S. Fire should be disapproved by this court.

> 4. **The District Court has Inherent Power and Discretion under F.Civ.Rule.P. 62(d) and Title 31 of The United States Code Sections 9304(a) and 9305 to Reject a Supersedeas Bond which does not Comply with Federal Rule 62(d) and/or Sections 9304(a) and 9305 of Title 31 of the United States Code.**

A party taking an appeal from the federal district court is entitled to a stay of money judgment as a matter of right if he posts bond in accordance with these Rules American Mfrs. Mut. Ins. Co. v. The American Broadcasting - Paramount Theaters Inc., U.S.N.Y. 1966, 87 S.Ct. 1, 17 L. Ed.2d 37.

A supersedeas bond is a privilege extended to a judgment debtor as a price for interdicting validity of order to pay money. Poplar Grove Planting and Refining Co. Inc. v. Basche Halsey Stuart, Inc., C.A. 5 (La.) 1979, 600 F.2d 1189.

On timely application for supersedeas, function of federal district court was limited to the determination whether conditions of bond conform to the requirements under this rule and former rule 73 of these rules and whether sureties thereon were adequate. In re: Federal Facilities Realty Trust, C.A. 7 (Ill.) 1955, 227 F.2d 651.

Only extraordinary circumstances will support provision of security other than supersedeas bond under this rule providing that, when appeal is taken, appellant by giving

supersedeas bond may obtain stay.  <u>U.S. on Behalf of Small Business Admin. v. Kurtz</u>, E.D. Pa. 1981, 528 F.2d 1113.

Even if a corporate surety has been approved by Secretary of Treasury, court may refuse a bond proffered by the surety if it has reason to doubt surety's willingness to secure a defendant's presence; moreover, the District Court may also inquire into the collateral used to secure bond written by a corporate surety.  <u>American Druggists Ins. Co. Inc. v Bogart</u>, C.A. 11 (Fla.) 1983, 707 F.2d 1229.  In addition, the federal district court, or judge thereof, may refuse to approve bonds submitted for approval and instruct clerks to do likewise, where surety thereon is believed to be a bad financial or moral risk.  <u>Concord Casualty & Surety Co. v. U.S. C.C.A</u>, (NY) 1934 69 F.2d 78.

Based upon the above cited authorities construing Fed.R.Civ.P. 62(d) and Section 9304(a) and (b) of Title 31 of the United States Code, the District Court has inherent power to determine in the instant matter whether there has been compliance with United States laws on Sureties and Surety Bonds by appellant - here U.S. Fire - seeking a stay from execution on a monetary judgment, and in connection therewith whether to deny or grant such stay and also to determine whether the supersedeas bond issued by North River as surety on behalf of appellant U.S. Fire meets the requirements set out under Sections 9304 and 9305 of Title 31 of the United States Code to allow, approve or to disallow such supersedeas bond.  Here, for the reasons advanced above, CEC submits the supersedas bond posted or issued on behalf of judgment debtor, U.S. Fire, by North River does not meet the requirements under United States Sureties and Surety Bond Laws to qualify North River as an approved surety - and therefore the North River supersedeas bond proffered by U.S. Fire should be stricken or disapproved by the court.

**B.     Where there is an Admitted Corporate Commonality or Relationship between U.S. Fire as Judgment Debtor and North River as its Surety - this Court Should Deny Approval of the Supersedeas Bond.**

U.S. Fire has disclosed in paragraph 9 of its motion to stay and to approve supersedeas bond - U.S. Fire and North River are both wholly owned subsidiaries of Fairfax Holdings Limited; nonetheless U.S. Fire contends both it and North River are separate companies.

CEC maintains even though U.S. Fire and North River are separate companies in that they do not appear to be directly related to each other - the fact that each are a wholly owned subsidiary of the same parent Fairfax and therefore both U.S. Fire and North River fall within the same corporate umbrella - substantially lessons or weakness North River's status as a surety which is financially and operationally independent - thereby compromising CEC's right to have a supersedeas bond issued by a corporate surety who would or should not be potentially subject to the corporate influence of its parent which well might pose significant risk to its financial reliability.

Indeed, the corporate commonality or relationship between U.S. Fire and North River is quite evident in the supersedeas bond documents submitted by U.S. Fire (Exhibit "A") where it can be seen the corporate officer signing off on behalf of U.S. Fire as Principal and the corporate officer signing off on the "Power of Attorney, North River Insurance Company" is one and the same individual i.e. Dave Ghezzi/David J. Ghezzi - who is both Senior Vice President of North River Insurance Company and Senior Vice President of the United States Fire Insurance Company.

As stated in its response CEC contends the burden to establish statutory, case law or other precedent allowing a supersedeas bond to be filed by a surety which has a corporate

relationship with its Principal - rests with U.S. Fire - failing which court should disallow the proffered supersedeas bond issued by North River.

    **C.**    **The Supersedeas Bond to be Posted or Proffered by U.S. Fire should be Issued by a Corporate Surety which (a) is Both Financially Sound and Independent; (b) complies fully with U.S. Sureties or Surety Bonds Laws (Sections 9304, 9305, 9306 of Title 31 of the United States Code) and (c) for an Amount no Less than $1,700,000.00.**

Based upon plaintiff CEC's averments in paragraphs 12-28 of its response to U.S. Fire's motion to stay and to approve supersedeas bond, the median time interval from filing notice of appeal to disposition of appeal for the Third Circuit Court of Appeals is 13.6 months covering the year ending September 30, 2007. CEC submits the probable median time interval from filing a notice of appeal to disposition, in this litigation, could reasonably be in range of 14-18 months considering CEC has filed a cross-appeal.

The aggregate of all judgments including pre-judgment and post-judgment interest plus cost of appeal and taxable costs against U.S. Fire, if the U.S. Fire appeal fails and disposition of all appeals occurs no other than 14 months but not later than 18 months could reasonably be in range of $1,485,000.00-$1,520,000.00.

If CEC's cross-appeal is successful thereby resulting in the application of Massachusetts law on prejudgment interest at a 12% rate of interest against the unliquidated damage claim judgment of September 17, 2008 and U.S. Fire's appeal fails - the aggregate of all judgments plus pre-judgment interest, taxable costs and costs of appeal against U.S. Fire if disposition of all appeals occurs no earlier than 14 months but not later than 18 months reasonably be in range of $1,570,000.00-$1,615,000.00.

To allow for possible further delay and contingencies CEC submits this court should require U.S. Fire to post a supersedeas bond by an independent corporate surety approved by the Secretary of the U.S. Treasury - in accordance with the U.S. Laws of Sureties and Surety Bonds - in the amount of no less than $1,700,000.00.

                                                    Respectfully submitted,

                                                    LUCAS AND CAVALIER, LLC

                                                    By: */s/ Henry C. Lucas, III*
                                                           Henry C. Lucas, III, Esquire
                                                           hlucas@lucascavalier.com
                                                           PA I.D. # 12991
                                                           Matthew S. Marrone, Esquire
                                                           mmarrone@lucascavalier.com
                                                           PA I.D. # 82900
                                                           Validation # MH 1529

Dated: October 30, 2008

                                                           1601 Market Street, Suite 2230
                                                           Philadelphia, PA 19103
                                                           (215) 751-9192
                                                           (215) 751-9277 (fax)

                                                    ***Counsel for Plaintiff,***
                                                    ***Cashman Equipment Corporation***

I:\Cashman\Pleadings\Pltf CEC's brief in support of its opp to def US to stay execution.wpd