IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CASHMAN EQUIPMENT CORP. | : | CIVIL ACTION |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | NO.  06-3259 |
| | : | |
| UNITED STATES FIRE | : | |
| INSURANCE COMPANY | : | |
| | : | |
| Defendant | : | |

## MEMORANDUM OPINION

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                        November    21, 2008

**I.      Introduction**

Presently before us is the motion filed by Defendant United States Fire Insurance Company ("U.S. Fire") (Doc. 118) seeking to "(1) Stay Execution [of Judgment] Pending Appeal Pursuant to Fed.R.Civ.P. 62 and (2) to Approve Supersedeas Bond," the response and accompanying memorandum of law thereto from Plaintiff Cashman Equipment Corporation ("CEC") (Docs. 120-21), the reply thereto (and its supplement) from U.S. Fire (Docs. 123-24), and the sur-reply thereto from CEC (Doc. 125).  Upon consideration of the papers, we will enter an Order accepting the proffered supersedeas bond and granting the motion for a stay in the execution of judgment.

**II.     Factual Background**

In that we write for the parties who are well aware of the basic facts of the dispute in this case, and given that the underlying facts are in any event irrelevant to our disposition of the motion, we need not again set out the full account here.  We will instead incorporate the factual background set out in our Findings of Fact issued on September 17, 2008.  (*See* Doc. 112 at 3-33).

**III.    Procedural Background**

CEC commenced this action against U.S. Fire and HBC Barge, LLC ("HBC") on July 25, 2006 for claims arising out of an alleged failure on the part of HBC to properly perform under a vessel construction contract (the "Contract") between CEC and HBC for the construction of four barges.  U.S. Fire is named in their capacity as the issuer of a performance bond binding itself to CEC for the performance of the Contract.  On November 7, 2007, the parties voluntarily consented to jurisdiction by a United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, and the matter was referred to this Court.  (Doc. 57).

Prior to that referral, the district court judge to whom this matter had been assigned, the Honorable Michael M. Baylson, resolved by memorandum and Order cross-motions for summary judgment.  By his Order dated October 26, 2007, Judge Baylson granted judgment to CEC on its liquidated damages claim for $100,000 and ordered the payment of prejudgment interest up to the date of that Order in the amount of $47,733.17.  (Doc. 55 at 9-12).  The resolution of the non-liquidated damages claim, however, were deferred to the time of trial.[1]  (Doc. 55 at 8-9).  Trial was held before this Court sitting without a jury between April 29 and May 5, 2008.  Upon completion of the transcript of the trial proceedings, closing arguments were heard on July 22, 2008.  On September 17, 2008, we issued judgment in CEC's favor in the total amount of $1,262,122.24.  (Doc. 113).

On October 16, 2008, U.S. Fire filed a timely notice of appeal with the United States Court of Appeals for the Third Circuit of the Orders of both the October 26, 2007 Order issued by Judge

---

[1] Judge Baylson also determined that the CEC claims against HBC could not go forward in light of the bankruptcy status of HBC.  (Doc. 55 at 8-9).

Baylson and our Order of September 17, 2008 granting judgment in CEC's favor. (Doc. 115). CEC filed a timely notice of cross appeal of the same Orders on the same day. (Doc. 116). The next day, October 17, 2008, U.S. Fire filed a motion seeking to "(1) Stay Execution [of Judgment] Pending Appeal Pursuant to Fed.R.Civ.P. 62 and (2) to Approve Supersedeas Bond." (Doc. 118). Attached to the motion as Exhibit A is the supersedeas bond proffered by U.S. Fire for which U.S. Fire seeks this Court's approval so as to obtain the stay in the execution of judgment. The bond lists North River Insurance Company ("North River") as the surety and is in the amount of $1,500,000.00.

CEC filed a timely response and accompanying memorandum of law on October 30, 2008. (Docs. 120-21), challenging both the form and the amount of the proffered supersedeas bond. U.S. Fire, with this Court's permission (*see* Doc. 122), filed a reply on November 5, 2008 and a supplement to that reply on November 7, 2008. (Docs. 123-24). CEC, with permission granted by this Court, filed a sur-reply on November 13, 2008. (Doc. 125). The motion seeking a stay in the execution of judgment and approval of the supersedeas bond is ripe for our review.

**IV.     Legal Standards**

Fed.R.Civ.P. 62(d), which governs the procedure by which a stay is issued during the pendency of appeal provides, in full:

> **Stay with Bond on Appeal.** If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

While the plain language of the rule clearly requires that an appellant post a supersedeas bond before being granted a stay by the district court, the rule is silent as to the "form and amount of the contemplated supersedeas bond" necessary to grant a stay in the execution of judgment. *See United*

3

*States v. Kurtz*, 528 F. Supp. 1113, 1114 (E.D. Pa. 1981).

Federal courts within our circuit and throughout the country, however, have also cited former Fed.R.Civ.P. 73(d) as a relevant standard. *See, e.g.*, *Id.* at 1114-15; *North River Ins. Co. v. Greater N.Y. Mut. Ins. Co.*, 895 F. Supp. 83, 84 (E.D. Pa. 1995); *C. Albert Sauter Co. v. Richard S. Sauter Co.*, 368 F. Supp. 501, 520 (E.D. Pa. 1973); *Am. Family Mut. Ins. Co. v. Miell*, No. C04-0142, 2008 U.S. Dist. LEXIS 54186, *5 (N.D. Iowa July 16, 2008); *Kazazian v. Bartlett & Bartlett LLP*, 03 Civ. 7699, 2008 U.S. Dist. LEXIS 48127, *5 (S.D.N.Y. June 19, 2008). That rule provided, in pertinent part:

> **Supersedeas Bond.** Whenever an appellant entitled thereto desires a stay on appeal, he may present to the court for its approval a supersedeas bond *which shall have such surety or sureties as the court requires*. The bond shall be conditioned for the satisfaction of the judgment in full together with costs, interest, and damages for delay, if for any reason the appeal is dismissed or if the judgment is affirmed, and to satisfy in full such modification of the judgment and such costs, interest, and damages as the appellate court may adjudge and award. When the judgment is for the recovery of money not otherwise secured, the amount of the bond *shall be fixed at such sum as will cover the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay*, unless the court after notice and hearing and for good cause shown fixes a different amount or orders security other than the bond. . . .

*Federal Prescription Serv. v. American Pharmaceutical Ass'n*, 636 F.2d 755, n.4 (1980) (emphasis added).

At issue here are both the form and the amount of the supersedeas bond proffered by U.S. Fire.[2] We proceed to discuss the legal issues associated with each, and do so mindful that the

---

[2] While some courts have suggested that a litigant is entitled to a stay pursuant to Fed.R.Civ.P. 62(d) "as a matter of right" *Pharmacia Corp. v. Motor Carrier Servs. Corp.*, Civ. No. 04-3724, 2008 U.S. Dist. LEXIS 25100, *10 (D.N.J. Mar. 28, 2008) (citation omitted), other
(continued...)

purpose of an appellant's posting of a supersedeas bond is "to preserve the status quo during the pendency of an appeal, protecting the winning party from the possibility of loss resulting from the delay in execution." *HCB Contractors v. Rouse & Assocs.*, 168 F.R.D. 508, 512 (E.D. Pa. 1995) (quoting *Schreiber v. Kellogg*, 839 F. Supp. 1157, 1159 (E.D. Pa. 1993)).

### A. Form of Supersedeas Bond

We must determine whether the requirements set out in 31 U.S.C. §§ 9304-06 indeed apply to Fed.R.Civ.P.62(d). CEC asserts that a supersedeas bond proffered pursuant to Fed.R.Civ.P.62(d) must be issued by a surety company certified by the United States Department of the Treasury in accordance with 31 U.S.C. §§ 9304-06. (*See* Doc. 120 at 3-4; Doc. 121 at 5-10). U.S. Fire, on the other hand, denies that any supersedeas bond must satisfy the requirements of 31 U.S.C. §§ 9304-06. (*See* Doc. 123 at 2-3).

We begin by noting a complete absence of any reference, whether express or implicit, to the relevant sections of the United States Code contained within the plain language of Fed.R.Civ.P.62(d), set out above. The related standard provided in former-Fed.R.Civ.P. 73(d) likewise makes no such explicit mention or implicit suggestion. Simultaneously absent from the relevant sections of the United States Code is any reference to Fed.R.Civ.P.62(d). Quite clearly, the plain language of neither Fed.R.Civ.P. 62(d) nor the relevant statutory provisions affirmatively

---

[2](...continued)
courts apply a four-part test to determine whether a stay is justified as an initial threshold matter: "1) the movant's likelihood of success on the merits; 2) whether the movant will suffer irreparable harm if the request is denied; 3) whether third parties will be harmed by the stay; and 4) whether granting the stay will serve the public interest." *Susquenita Sch. Dist. v. Raelee S. by & Through Heidi S.*, 96 F.3d 78, 80 (3d Cir. 1996); *see also In re J.A.R. Barge Lines, L.P.*, Civ. A. No. 03-163, 2007 U.S. Dist. LEXIS 34155, *26 (W.D. Pa. May 9, 2007) (applying same). In that CEC does not assert that U.S. Fire is not entitled to a stay here, we need not resolve these competing mandates.

requires that a supersedeas bond satisfy these statutory provisions before a court may accept it and grant a stay in the execution of judgment pursuant to Fed.R.Civ.P. 62(d). Such a requirement, as CEC concedes (*see* Doc. 125 at 2), is likewise conspicuously absent from our Local Rules of Civil Procedure.

The definition of a supersedeas bond also fails to indicate any such interconnection, and indeed appears to indicate the opposite – that a Court is not bound to accept only those supersedeas bonds secured by surety companies who comply with 31 U.S.C. §§ 9304-06. As courts within our circuit have noted, a supersedeas bond is defined as "any form of security, whether in the form of cash, property, or surety bond, which a court may require of one who petitions to set aside a judgment or execution and from which the other party may be made whole if the action is unsuccessful." *Pharmacia*, 2008 U.S. Dist. LEXIS 25100 at *10 (quoting *Nicholas v. Wyndham Int'l, Inc.*, No. 01-147, 2007 U.S. Dist. LEXIS 94333, *3 (D.V.I. Dec. 21, 2007)); *see also Milligan v. Khodra*, 2004 U.S. Dist. LEXIS 28064, at *31 (D.V.I. App. Div. Sep. 30, 2004). Far from indicating that bonds secured by surety companies compliant with 31 U.S.C. §§ 9304-06 are the exclusive form of bond properly accepted as a supersedeas bond, this definition (one not disputed by CEC) indicates that a court retains discretion as to the proper form of a supersedeas bond necessary to secure a stay in the execution of judgment.

CEC fails to provide any caselaw supporting its suggestion that we are otherwise constrained.[3] Mindful that a supersedeas bond is defined as "any form of security," and that the

---

[3] The caselaw provided by CEC in support of the general assertion that we are bound "to reject a supersedeas bond which does not comply with [Fed.R.Civ.P.] 62(d) and/or [31 U.S.C. §§ 9304-06]" (Doc. 121 at 9-10) in fact fails to suggest that we are bound to accept only those supersedeas bonds secured by sureties compliant with those statutory provisions. Indeed, only a
(continued...)

primary purpose of a supersedeas bond is "to preserve the status quo during the pendency of an appeal" and to protect CEC "from the possibility of loss resulting from the delay in execution," *HCB Contractors*, 168 F.R.D. at 512, we conclude that we are not so constrained. We conclude, rather, that the "propriety of any security posted is a discretionary determination made by the court." *Id.* (quoting *Silver v. Mendel*, No. 86-7104, 1992 U.S. Dist. LEXIS 9587, *1 (E.D. Pa. July 8, 1992)). We likewise conclude that Fed.R.Civ.P. 62(d), which has been determined to "authorize[] district courts to provide for security other than a supersedeas bond when circumstances warrant," *id.*, allows us to accept a supersedeas bond secured by a surety not in compliance with 31 U.S.C. §§ 9304-06, so long as the bond "will provide adequate (or as adequate as possible) security for the appellee." *Id.* (quoting *Grand Entm't Group, LTD. v. Star Media Sales, Inc.*, No. 86-5763, 1992 U.S. Dist. LEXIS 7164, *1-2 (E.D. Pa. May 18, 1992)).[4]

---

[3](...continued)
single case out of the six cited by CEC even mentions 31 U.S.C. §§ 9304-06. In *American Druggists Insurance Company v. Bogart*, 707 F.2d 1229, 1231-33 (11th Cir. 1983), however, the Eleventh Circuit merely noted that a surety issuing a bond under Federal Rule of *Criminal* Procedure 46(d) was required to comply with 31 U.S.C. §§ 9304-06. The case is inapplicable on its face.

The only provisions provided by CEC in direct support of its assertion are a suggested "Supersedeas Bond—General Form" and a form "Motion for Approval of Supersedeas Bond" contained (as forms 27:70 and 27:40, respectively) in Moore's Manual Federal Practice Forms Volume 7. (*See* Doc. 121 at 5-7). We decline CEC's invitation to construe sample forms contained in a secondary legal authority as binding legal authority.

We also note that CEC's assertion is belied in any event by form 27:70 itself which, in addition to providing a corporate surety compliant with 31 U.S.C. §§ 9304-06 as "Alternative One" within the "Justification of Surety" section, provides for an "Individual surety" not in compliance with those statutory provisions as "Alternative Two." (Doc. 121 at Ex. 4).

[4] We recognize that CEC additionally argues that a surety company sharing a common corporate parent with the appealing party should be disallowed from securing a supersedeas bond for that appealing party. (*See* Doc 120 at 4; Doc. 121 at 11-12). CEC provides no caselaw supporting such a proposition. (*See* Docs. 120-21, 125). U.S. Fire has, however, provided
(continued...)

### B.     Amount of Supersedeas Bond

While the parties disagree about the proper form of a supersedeas bond proffered pursuant to Fed.R.Civ.P. 62(d), there is no dispute that a supersedeas bond "must normally be in a sum sufficient to pay the judgment and costs, interest, and damages for delay." *Pharmacia Corp.*, 2008 U.S. Dist. LEXIS 25100 at *10 (quoting *Nicholas*, 2007 U.S. Dist. LEXIS 94333 at *4). This standard is consistent with the standard provided in former-Fed.R.Civ.P. 73(d), requiring that the amount of the supersedeas bond "be fixed at such sum as will cover the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay."

## V.     Discussion

In support of its motion seeking a stay in the execution in judgment, U.S. Fire has submitted a supersedeas bond binding it, as principal, and North River, as surety, to CEC in the sum of $1,500,000.00. (*See* Doc. 118 at Ex. A). CEC disputes both the form and the amount of the bond.

### A.     Form of the Supersedeas Bond Proffered by U.S. Fire

As set out above, the primary concern with respect to the form of the supersedeas bond is whether the bond will provide adequate security to CEC from the possibility of any loss occurring during the delay in execution. *See HCB Contractors*, 168 F.R.D. at 512. CEC argues that the bond fails to provide such security in that the surety securing the bond, North River, first, does not comply

---

[4](...continued)
decisions from several courts accepting supersedeas bonds secured by sureties affiliated with appellants. (*See* Doc. 123 at 4 (citing and attaching as Exhibit A *Alticor, Inc. v. Nat'l Union Fire Ins. Co. of Pa.*, Case No. 1:07-CV-522, 2008 U.S. Dist. LEXIS 86450 (W.D. Mi. Oct. 27, 2008)); and Doc. 124 (citing *Aunt Sally's Praline Shop, Inc. v. United Fire & Cas. Co.*, Civ. A. No. 06-7674, 2008 U.S. Dist. LEXIS 90619 (E.D. La. Oct. 29, 2008) and *Warren v. State Farm Fire and Cas. Co.*, Case No. 3:05-CV-260, 2007 U.S. Dist. LEXIS 53974 (E.D. Ark. July 25, 2007)). We decline to impose an unsupported blanket rule which would work to preclude U.S. Fire from offering a bond secured by a surety company with the same corporate parent.

with 31 U.S.C. §§ 9304-06 and, second, shares the same parent corporation as U.S. Fire.  While we have rejected CEC's suggestion that either factor operates as a per se preclusion against North River's security of the supersedeas bond, we accept that these factors are relevant to the consideration of whether the supersedeas bond will indeed provide adequate security to CEC.

We also accept that, in support of the proffered supersedeas bond, U.S. Fire has attached a "Best's Company Rating and Report" (the "Report") evaluating North River's financial strength. (*See* Doc. 118 at Ex. B).  The Report, last updated on September 11, 2008, determined that North River's size, as measured by its "capital, surplus and conditional reserve funds," is between $1.5 billion and $2 billion. (Doc. 118 at Ex. B, pg. 1).  More importantly, the Report assigned to North River a "Rating of A (Excellent)," a rating assigned to companies that have "an excellent ability to meet their ongoing obligations to policyholders." (Doc. 118 at Ex. B, pg. 1).  The rationale for the rating, the Report explains, is based on North River's "financial position and operating performance." (Doc. 118 at Ex. B, pg. 2).  More specifically,

> The rating reflects management's proven underwriting capability; diversified product portfolio; well-executed underwriting controls; conservative accident year loss ratio picks; core reserve redundancies; competitive expense ratio; ability to generate capital; reduced reliance on finite reinsurance and robust capital levels.  The [Crum & Forster Insurance Group][5] has generated favorable accident year results for the past six years. . . . The rating also reflects the [Crum & Forster Insurance Group's] improved and sustained superior level of capitalization as Crum & Forster has generated a 14% five year compound average growth rate in statutory surplus, albeit with a

---

[5] The Report explains that its "Rating Rationale" for the rating given North River "is derived from the report of Crum & Forster Insurance Group," which is a "business pooling arrangement" of which North River (along with U.S. Fire) is a member. (Doc. 118 at Ex. B, pg. 2).  The Report specifies, however, that "each pool member is assigned [the same] Best's Rating of A (Excellent)." (Doc. 118 at Ex. B, pg. 2).  We are satisfied that the rationale given, while making specific mention of CFIG, is meant to apply equally to North River.

> steady reliance on realized and unrealized capital gains. Realized gains have amounted to $660 million over the past five years for which the company receives qualitative credit. Due to management's more conservative approach to reserving by setting appropriate current accident year loss ratios, A.M. Best expects positive underwriting and operating performance to result in quality earnings going forward.

(Doc. 118 at Ex. B, pg. 2).

With specific respect to CEC's concern regarding U.S. Fire and North River sharing the same corporate parent, the report noted that the Crum & Forster Insurance Group ("CFIG"), to which both companies belong,

> is wholly owned by Fairfax Financial Holdings Limited (Fairfax) which is financially stable, very liquid and coupled with operating profitability has the ability to provide support. The company has proven its willingness to support subsidiaries. Fairfax exhibited noteworthy asset risk management in advance of the current capital market credit crisis and provides exceptional investment management acumen which has proven to be a significant source of earnings and capital for Crum & Forster.

(Doc. 118 at Ex. B, pg. 2). The Report concluded that North River's outlook was "Stable." (Doc. 118 at Ex. B, pg. 3).

U.S. Fire, as the party seeking the stay and proffering the supersedeas bond, bears the burden of demonstrating that the proffered supersedeas bond will provide adequate security to CEC from the possibility of any loss occurring during the delay in execution. *See HCB Contractors*, 168 F.R.D. at 512. We are satisfied that, CEC's concerns notwithstanding, U.S. Fire has met that burden with respect to the form of the bond.

### B.     Amount of the Supersedeas Bond

U.S. Fire has proffered a supersedeas bond in the amount of $1,500,000.00. The parties

disagree about whether this amount is "sufficient to pay the judgment and costs, interest, and damages for delay." *Pharmacia Corp.*, 2008 U.S. Dist. LEXIS 25100 at *10.

On September 17, 2008 we issued judgment in CEC's favor $1,262,122.24. (Doc. 113). This judgment was in addition to the $100,000.00 in liquidated damages and the $47,733.17 in prejudgment interest upon those liquidated damages which Judge Baylson found U.S. Fire liable for. (Doc. 55). Accordingly, the judgments presently outstanding total $1,409,855.41. On September 30, 2008, CEC submitted a bill of costs totaling $14,561.30. (Doc. 114). Accordingly, the total amount of the outstanding judgment and the associated costs is $1,424,416.71.

Post-judgment interest, as U.S. Fire points out, is not calculated at the 6% per annum rate applied to pre-judgment interest, but rather is "calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C.S. § 1961(a).[6] The federal reserve website indicates that this figure, for the week ending September 12, 2008, was 2.05%.[7] Post-judgment interest owed is "computed daily to the date of payment" and "shall be compounded annually." 28 U.S.C.S. § 1961(b).

CEC has provided a printout of a page on the U.S. Courts website which demonstrates that the median duration between the filing of a notice of appeal with the Third Circuit and the case

---

[6] It is well-settled that while state law governs the calculation of pre-judgment interest in a diversity jurisdiction case, federal law controls the calculation of post-judgment interest. *See, e.g., Estate of Riddle v. S. Farm Bureau Life Ins. Co.*, 421 F.3d 400, 409 (6th Cir. 2005); *Maddox v. Am. Airlines, Inc.*, 298 F.3d 694, 699-700 (8th Cir. 2002); *Latham v. First Marine Ins. Co.*, 16 Fed. Appx. 834, 841 (10th Cir. 2001); *Hitachi Credit Am. Corp. v. Signet Bank*, 166 F.3d 614, 633 (4th Cir. 1999); *Citicorp Real Estate v. Smith*, 155 F.3d 1097, 1107 (9th Cir. 1998).

[7] *See* http://www.federalreserve.gov/releases/h15/20080915/

disposition is 13.6 months. (*See* Doc. 121 at Ex. 3). Applying the 2.05% interest rate against the $1,424,416.71 aggregate total of the outstanding judgment and costs, $29,200.54 in interest is earned after the first twelve months, bringing the total to $1,453,617.25. Again applying the same interest rate against this new amount, $29,799.15 is earned over the next twelve months, or $2,483.26 per month. Applying this per month amount against the additional 1.6 months which make up the 13.6 month median time before case disposition in the Third Circuit, another $3,973.22 in interest is earned. After adding that amount to the previous total, the total amount of judgments, costs and interest earned during the median case disposition duration before the Third Circuit is $1,457,590.47.

Even assuming a two year duration before the disposition of the case before the Third Circuit, the amount only reaches a total of $1,483,416.40. We are satisfied that the supersedeas bond posted by U.S. Fire here, in the amount of $1,500,000, is comfortably in excess of any amount which could conceivably be owed CEC.[8] Quite clearly, the $1,500,000 supersedeas bond is "sufficient to pay the judgment and costs, interest, and damages for delay." *Pharmacia Corp.*, 2008 U.S. Dist. LEXIS 25100 at *10.

An appropriate Order follows.

---

[8] CEC provides no support for the assertion that we are obligated to consider the additional amount potentially owed by U.S. Fire should CEC be successful in its cross appeal before the Third Circuit. (*See* Doc. 121 at 3-4). In that the purpose of a supersedeas bond is to secure a "winning party from the possibility of loss resulting from the delay in execution" *HCB Contractors*, 168 F.R.D. at 512, CEC would be hard-pressed to do so given that it was not a winning party on the issue which it cross-appeals and thus does not stand before us with the benefit of a judgment at the district court level. We will not, therefore, include that amount in our calculation of the proper amount of the supersedeas bond.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CASHMAN EQUIPMENT CORP. | : | CIVIL ACTION |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | NO.  06-3259 |
| | : | |
| UNITED STATES FIRE | : | |
| INSURANCE COMPANY | : | |
| | : | |
| Defendant | : | |

### ORDER

**AND NOW**, this      21st      day of November, 2008, upon consideration of the motion filed by Defendant United States Fire Insurance Company ("U.S. Fire") (Doc. 118) seeking to "(1) Stay Execution [of Judgment] Pending Appeal Pursuant to Fed.R.Civ.P. 62 and (2) to Approve Supersedeas Bond," the response and accompanying memorandum of law thereto from Plaintiff Cashman Equipment Corporation ("CEC") (Docs. 120-21), the reply thereto (and its supplement) from U.S. Fire (Docs. 123-24), and the sur-reply thereto from CEC (Doc. 125), **IT IS HEREBY ORDERED** that the motion is **GRANTED** and:

1. The supersedeas bond proffered by U.S. Fire, secured by North River Insurance company as surety on behalf of U.S. Fire as principal is **HEREBY APPROVED**; and

2. Execution upon the Orders entering Judgment in favor of CEC dated October 26, 2007 (Doc. 55) and September 17, 2008 (Doc. 113), is **HEREBY STAYED** pursuant to Fed.R.Civ.P. 62(d), pending disposition of U.S. Fire's appeal from said Orders

before the United States Court of Appeals for the Third Circuit.

BY THE COURT:

 /s/ David R. Strawbridge
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE